UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEMETRE A. HOLLAND, | CASE NO.: 1:24CV1540 |
| Plaintiff, | JUDGE JOHN ADAMS |
| COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | |

This matter comes before the Court on objections filed by Plaintiff Demetre Holland to the Report and Recommendation ("R&R") of the Magistrate Judge. The Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner's decision. Holland timely objected, and the Commissioner responded in opposition to the objection. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

While Holland's objections span eight pages, they raised what appears to be only a singular issue. Specifically, Holland contends that the R&R incorrectly resolved his issue surrounding whether the ALJ properly reviewed the supportability of the opinions of Dr. Markovic. In resolving that issue, the R&R noted:

> Here, Holland only challenges the ALJ's discussion of supportability, claiming that the ALJ failed to discuss the issue. Doc. 10, at 22–23. But the ALJ did discuss supportability. For instance, the ALJ explained that Dr. Markovic's letters and check-box questionnaire, which the ALJ considered to be his medical opinions, were "not well supported." Tr. 26. The ALJ identified that Dr. Markovic provided "selections but no explanations or citation to evidence" in his opinions. *Id*. She also explained that his "letter indicated subjective pain but d[id] not offer any functional opinions." *Id*. Further, the ALJ noted that Dr. Markovic's unsupported opinions were "not fully consistent with the record" and explained why. *Id*.
>
> Holland argues that ALJ didn't specifically discuss other record evidence from his treatment with Dr. Markovic when evaluating the supportability of Dr. Markovic's opinion. But the evidence Holland provides in an effort to show that Dr. Markovic's opinion was supported is not referenced anywhere in Dr. Markovic's opinion. Compare Doc. 10, at 23 (citing other treatment notes from Markovic), with Tr. 377–78 (Markovic's check-box opinion). So when the ALJ considered supportability, there was nothing in Dr. Markovic's opinion that connected his opinion to his treatment of Holland. For this reason, check-box opinions, like Markovic's, have been found to be "patently deficient." *Dollinger v. Comm'r of Soc. Sec.*, No. 22-3359, 2023 WL 1777386, at *4 (6th Cir. Feb. 6, 2023) (a checkbox form completed by a treating source which only contained a brief explanatory note for the assessed limitations "is the kind of 'vague and unhelpful' opinion that is patently deficient and could not have been credited by the Commissioner") (quoting *Price v. Comm'r Soc. Sec. Admin.*, 342 F. App'x 172, 176 (6th Cir. 2009)). As Holland highlights: "The more relevant the objective medical evidence and supportive explanations presented by a medical source are to support … his … medical opinions … , the more persuasive the medical opinions … will be." Doc. 10, at 22 (emphasis added) (citing *Goodman v. Soc. Sec. Admin.*, 2024 WL 623894, *14 (N.D. Ohio Feb. 14, 2024), in turn quoting 20 C.F.R. § 416.920c(c)(1)). The ALJ considered the "objective medical evidence and supportive explanations presented" in Dr. Markovic's opinion and found that the ALJ hadn't presented any. The ALJ's conclusion that Dr. Markovic's opinion was "not well supported" is supported by substantial evidence.

Doc. 14 at 29-30. This Court finds no error in the R&R. Holland is correct that 20 C.F.R. § 416.920c(c)(1) provides that "[t]he more relevant the objective medical evidence and supporting

explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." However, the R&R properly found that Dr. Markovic did not *present* any objective evidence or supporting explanations for his medical opinions.

Holland's proposition seems to be that when a check box form is used, an ALJ must scour the record and *independently* determine whether anything in any treating notes or medical findings could conceivably support the opinion. The Court finds that such a role is not properly performed by an ALJ. Rather, the ALJ is tasked with *reviewing* and *evaluating* the evidence relied upon by the doctor offering the opinion. Because Dr. Markovic did not indicate in any manner what evidence he was relying upon, there was nothing for the ALJ to review.

For the reasons stated above, Holland's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Dated: July 22, 2025               /s/ John R. Adams
                                   JUDGE JOHN R. ADAMS
                                   UNITED STATES DISTRICT JUDGE